**CASE NO**:

SANDRA GARCIA, individually,
and on behalf of all others similarly
situated,

      Plaintiffs,

v.

SAAB RESTAURANTS, INC.
d/b/a LUMES PANCAKE HOUSE,

      Defendant.

_____/

## COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, SANDRA GARCIA ("Plaintiff"), on behalf of herself and all others similarly situated, files this Collective/Class Action Complaint for Damages and Demand for Jury Trial against Defendant, SAAB RESTAURANTS, INC. d/b/a LUMES PANCAKE HOUSE ("Defendant") for failure to comply with provisions of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Act ("IMWL"), and to recover minimum and overtime wages for certain hours worked for herself and all Servers (hereinafter "Servers") who worked within the past 3 years for Lumes Pancake House in Chicago, Illinois, pursuant to 29 U.S.C. § 216(b), and 820 ILCS 105, and in support states as follows:

## INTRODUCTION

1.      Workers across the State of Illinois are entitled to a minimum wage that provides a fulfilling life, protects employees from unfair wage competition, and does not force them to rely upon taxpayer-funded public services to avoid economic hardship. This lawsuit arises under the

Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, et seq., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et. seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), et. seq. for Defendant's failure to pay Plaintiff and other similarly situated Servers minimum and overtime wages. Defendant has operated Lumes Pancake House in Chicago, Illinois, within the past 3 years and has attempted to avail itself of the tip-credit provisions of the IMWL and FLSA. Those tip credit provisions permit employers of tipped employees to pay wages less than the full minimum wage, so long as employers comply with specific notice and reduced wage requirements. Defendant failed to provide sufficient notice of its intent to rely upon the federal and Illinois tip credits, and otherwise enforced a policy of underpaying Servers the applicable reduced wages during the relevant time period. Defendant also engaged in a pattern of regularly assigning tipped employees, who were paid sub-minimum wages, to perform an array of duties outside of their tipped occupations for a period of more than 30 continuous minutes without compensating them the full minimum wage. These Servers were required to regularly work in exceed of 40 hours per workweek without receiving appropriate federal or Illinois overtime wages for certain work they were performing. Plaintiff seeks to stop Defendant from engaging in this unlawful conduct and to vindicate her rights along with the rights of all similarly situated Servers who were employed by Defendant within the past 3 years.

## PARTIES

2. Plaintiff and the Class and Collective Members are/were Servers who worked for Defendant within the last three (3) years at Lumes Pancake House located at 11601 S. Western Ave. in Chicago, Illinois 60643.

3. Plaintiff and the Class and Collective Members were paid less than the applicable federal and Illinois minimum wage by Defendant for certain hours worked in one or more workweeks.

4. Plaintiff seeks certification of one (1) Collective under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

**Overtime Collective**: **All Servers who worked for Defendant at Lumes Pancake House in Chicago, Illinois, who worked more than 40 hours in any workweek within the past 3 years.**

5. Members of the proposed Collective worked for Defendant as Servers in the same or identical capacity as Plaintiff within the past 3 years.

6. Plaintiff also seeks certification of three (3) separate classes under Fed. R. Civ. P. 23 and the Illinois Minimum Wage Law ("IMWL") for violations of the IMWL, as follows:

**Tip Credit Notice Class:** **All Servers who worked for Defendant at Lumes Pancake House in Chicago, Illinois, during the three (3) years preceding this lawsuit, who were not provided the sufficient tip credit notice under Illinois law.**

**Illinois Overtime Class:** **All Servers who worked for Defendant at Lumes Pancake House in Chicago, Illinois, who worked more than 40 hours in any workweek within the past 3 years.**

7. The precise size and identity of the classes should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of class members for each proposed class exceeds 40 Servers.

8.     At all times material hereto, Plaintiff, and members of the putative class, were non-exempt "employees" of Defendants as defined by the IMWL, 820 ILCS 105/3(d), the FLSA, 29 U.S.C. § 203(d), and the IWPCA, 820 ILCS 115/2.

9.     At all times material hereto, Defendant was the "employer" of Plaintiff and each putative class and collective member as that term is defined under IMWL, 820 ILCS 105/3(d), the FLSA, 29 U.S.C. § 203(d), and IWPCA, 820 ILCS 115/2.

10.    Defendant's principal address is 11601 S. Western Ave. in Chicago Illinois, within the jurisdiction of this Honorable Court. Defendant may be served through its registered agent Nicholas C. Syregelas, 19 N. Green Street, 1st Floor, Chicago, Illinois 60607.

## JURISDICTION & VENUE

11.    This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the IMWL, and the ILCS, to recover damages from Defendant and reasonable attorney's fees and costs. The relief sought under Illinois law in this action is intended to include each and every Server who worked for Defendant at any time within the past three (3) years at Lumes Pancake House in Chicago, Illinois.

12.    This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

13.    All acts and omissions giving rise to Plaintiff's claim took place within Chicago, Illinois, which falls within the jurisdiction of this Honorable Court.

14.    This Court has jurisdiction and venue over this Class/Collective Action Complaint, as Defendant's principal address is in Chicago, Illinois, where the subject restaurant operates.

## FLSA COVERAGE

15.     Defendant is an enterprise covered by the FLSA, and IMWL, and ILCS, by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce. Defendant had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16.     Defendant's employees handled goods such as napkins, silverware, appliances, syrup, food items, potatoes, credit cards, debit cards, restaurant equipment, pens, chairs, tables, vacuum cleaners, steaks, seafood, napkins, silverware, televisions, remote controls, chicken, menus, and other materials that had previously travelled through interstate commerce.

17.     At all material times (during the last five years), Defendant had an annual gross revenue in excess of $500,000.00 in 2020, 2021, 2022, and is expected to gross in excess of $500,000.00 in 2023.

### GENERAL FACTUAL ALLEGATIONS

18.     Defendant owns and operates Lumes Pancake House in Chicago, Illinois.

19.     Lumes Pancake House provides food and beverage services to the general public.

20.     Defendant employed Plaintiff and the Class and Collective Members as "Servers" at Lumes Pancake House within the past three (3) years.

21.     Plaintiff worked for Defendant as a Server from on or about November 2021, through on or about April 2023.

22.     During her employment Plaintiff regularly worked in excess of 40 hours per week.

23.     Plaintiff and Class Members were non-exempt employees of Defendant.

24.     Plaintiff and Class Members' job duties consisted of serving patrons and customers.

25.     The work performed by Plaintiff and Class and Collective Members was an integral part of the business for Defendant.

26.     Defendant controlled and/or remained responsible for the work of Plaintiff and the Class and Collective Members, and otherwise met the factors of the "economic realities test," for the Parties to fall within the definition of employer and employee under federal and Illinois law.

27.     Defendant had power to hire and fire Plaintiff and Class and Collective Members.

28.     Defendant enforced pay policies at the subject restaurant and required Plaintiff and Class and Collective Members to comply with these policies.

29.     Defendant controlled Plaintiff and Class and Collective Members' work schedules by either issuing the schedules themselves and/or delegating this task to managers and supervisors.

30.     Defendant scheduled Plaintiff and other Class and Collective Members to work certain shifts by either issuing the schedules themselves and/or delegating this task to restaurant managers and supervisors.

31.     Defendant required Plaintiff and other Class and Collective Members to work a certain number of days and hours during the week.

32.     Defendant required Plaintiff and other Class and Collective Members to work on specific days of the week.

33.     Defendant provided training, if needed, that taught the Servers what they needed to know in order to work at the restaurant.

34.     Defendant determined the rate and the method of payment for Plaintiff and all Servers.

35.     Defendant established and enforced the tip credit practices and tip notice policies in the restaurant.

## **DEFENDANT FAILED TO PROVIDE SUFFICIENT TIP CREDIT NOTICE**

36.     The State of Illinois allows employers to take a 40% tip credit toward the applicable Illinois minimum wage for customarily tipped employees so long as employers provide sufficient notice of the tip credit and pay the customarily tipped employees at least 60% of the applicable Illinois Minimum Wage per hour.

37.     From January 1, 2020, through June 30, 2020, the Illinois Minimum Wage was $9.25 per hour.

38.     From January 1, 2020, through June 30, 2020, the applicable reduced wage for tipped employees in Illinois was $5.55 per hour.

39.     From July 1, 2020, through December 31, 2020, the Illinois Minimum Wage was $10.00 per hour.

40.     From July 1, 2020, through December 31, 2020, the applicable reduced wage for tipped employees in Illinois was $6.00 per hour.

41.     In 2021, the Illinois Minimum Wage was $11.00 per hour.

42.     In 2021, the applicable reduced wage for tipped employees in Illinois was $6.60 per hour.

43.     From January 1, 2022, through December 31, 2022, the Illinois Minimum Wage was $12.00 per hour.

44.     From January 1, 2022, through December 31, 2022, the applicable reduced wage for tipped employees in Illinois was $7.20 per hour.

45.     From January 1, 2023, through the present, the Illinois Minimum Wage is $13.00 per hour.

46.     From January 1, 2023, through the present, the applicable reduced wage for tipped employees in Illinois is $7.80 per hour.

47.     When Plaintiff was hired in November 2021 the Defendants failed to provide Plaintiff with sufficient notice of its intent to rely upon a tip credit under Illinois law.

48.     During the previous 3 years the Defendant failed to inform Plaintiff and all other Servers employed: (i) the specific amount of tip credit Defendant would be taking; (ii) that their cash wage was not permitted to be less than the applicable hourly rate; (iii) that the additional amount Servers received in tips was required to be equal to the difference between the hourly rate and the full applicable minimum wage; (iv) the provisions of Section 203(m) of the FLSA; or (v) that all tips received by the Servers must be retained by them.

49.     Defendant failed to provide sufficient notice of its intent to rely on the Illinois tip credit to all other Servers during the past 3 years and failed to compensate all other Servers with the full applicable Illinois minimum wage in one or more workweeks.

50.     As a result of these widespread violations, Plaintiff and members of the putative classes regularly worked hours for which they did not receive the full Illinois minimum wage in one or more workweeks within the past three (3) years.

51.     Defendant failed to adequately maintain a full, complete, and accurate account of all hours worked by the Servers.

52.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not

being properly paid at least Illinois minimum wage for hours worked in each of the preceding three (3) years.

53.    The records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff and Class and Collective Members are in the possession, custody, and control of Defendant.

54.    Defendant was aware of the requirements of the FLSA, the ILWL, and the ILCS, and the pertinent regulations thereto, yet acted willfully and/or intentionally in failing to pay Plaintiff and the class members in accordance with the law.

55.    The applicable statute of limitations under the FLSA is therefore 3 years as opposed to 2 years and the applicable statute of limitations under the ILWL and ILCS is 3 years.

## CLASS ALLEGATIONS

56.    Class members are treated equally and similarly by Defendant, in that they were commonly mistreated by Defendant as they were not paid full and proper Illinois minimum wages for all hours worked.

57.    On information and belief, Defendant employed in excess of 40 class members who were not paid Illinois minimum wage for certain hours worked within the past three (3) years.

58.    Defendant failed to provide Plaintiff and class members the requisite tip credit notice required under Illinois law.[1]

---

[1] "Tip credits are treated identically under both the Illinois Minimum Wage Act and the federal Fair Labor Standards Act, and so cases on the requirements for a tip credit under the FLSA are also relevant to the requirements of the Illinois Minimum Wage Act." *See, e.g., Williams-Green v. J. Alexander's Restaurants, Inc.*, 277 F.R.D. 374 (N.D. Ill. 2011) *citing Morgan v. SpeakEasy, LLC*, 625 F.Supp.2d 632, 650 (N.D. Ill. 2007); *see, also, Cho v. Maru Restaursant, Inc.*, 194 F.Supp.3d 700 (N.D. Ill. 2016) ("The IMWL parallels the FLSA, and the same analysis has generally been applied to both statutes") *quoting Labriola v. Clinton Entm't. Mgmt., LLC*, 2016 WL 1106862 at \*5 (N.D. Ill. 2016) (collecting cases).

59.    Defendant failed to pay Plaintiff and class members the full Illinois minimum wage for hours worked.

60.    Plaintiff and class members worked at the same restaurant in Chicago, Illinois.

61.    Plaintiff and class members performed the same job duties as Servers and were paid in an identical manner by Defendant based on Defendant treating the Servers as tipped employees but not compensating them in accordance with Illinois law.

62.    Plaintiff and class members were not paid proper Illinois minimum wages for all hours worked.

63.    Defendant failed to keep accurate time and pay records for Plaintiff and all class members.

64.    Defendants were aware of the requirements of Illinois law yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

65.    Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay reasonable attorney's fees and costs if she prevails.

66.    The claims alleged under Illinois law may be pursued by all similarly situated persons pursuant to Fed. R. Civ. P. 23.

67.    The number of individuals in the class is so numerous that joinder of all members is impracticable.  The exact number of members of each class can be determined by reviewing Defendant's records.  Plaintiff, on information and belief, is aware that there are numerous eligible individuals in the defined class and estimates the class size to be in excess of 40 Servers.

68.    Plaintiff will fairly and adequately protect the interests of the class and has retained counsel which is experienced and competent in class action employment litigation.

69.    Plaintiff has no interests contrary to or in conflict with the members of the class.

70.     A class action lawsuit, such as this one, is superior to other available means for fair and efficient adjudication of the issues alleged herein.  The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

71.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of Illinois law.

72.     Even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

73.     There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.  The questions of law and fact common to the class predominate over any questions affecting solely the individual members.  Among the common questions of law and fact are:

a)      Whether Defendant employed Servers within meaning of the law;

b)      Whether Defendant uniformly, willfully, and wrongfully failed to pay Servers the Illinois minimum wage for all hours worked;

c)      Whether Defendant provided Servers with sufficient notice of the tip credit;

d)      What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

e)         Whether Defendant's failure to compensate Plaintiff and the class members at the applicable Illinois minimum wage was willful, intentional, or done with reckless disregard.

74.    The relief sought is common to the entire class including:

a)         Payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to Illinois law;

b)         Payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to Illinois law;

c)         Payment by Defendant of the costs and expenses of this action, including attorney's fees to Plaintiff's counsel.

75.    Plaintiff's claims are typical of the claims of members of the class.

76.    Plaintiff and the class members have sustained damages arising out of the same wrongful and uniform employment policies of Defendant in violation of Illinois law.

77.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a class action.

78.    As a result of Defendant's intentional and willful failure to comply with the FLSA and Illinois law, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – COLLECTIVE ACTION FOR FEDERAL OVERTIME WAGE VIOLATIONS**
**(Overtime Collective)**

79.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 77 as though set forth fully herein.

80.    Defendant required Plaintiff and other similarly situated Servers to work more than 40 hours in one or more workweeks of their employment.

81.     Defendant failed to pay Plaintiff and other Servers 1.5 times the Illinois minimum wage when they worked more than 40 hours in a workweek.

82.     Plaintiff and all other similarly situated Servers are/were entitled to be paid full federal overtime wages for certain hours worked during their employment.

83.     Plaintiff and members of the putative Federal Overtime Collective are similarly situated and were subjected to similar violations of the FLSA.  Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following Federal Overtime Collective for Defendant's failure to pay federal overtime wages:

> **All Servers who worked for Defendant at Lumes Pancake House in Chicago, Illinois, who worked more than 40 hours in any workweek within the past 3 years.**

84.     Defendant violated the FLSA because they required Servers to work more than 40 hours in a workweek but did not compensate these Servers applicable federal overtime wages for this work.

85.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal overtime wages for one or more weeks of work.

86.     Defendant's willful and/or intentional violations of law entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

87.     Defendant allowed these violations of federal law to continue to occur, notwithstanding that this practice runs contrary to the FLSA.

88.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SANDRA GARCIA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, SAAB RESTAURANTS, INC. d/b/a LUMES PANCAKE HOUSE, and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court may deems just and reasonable under the circumstances

## COUNT II – RULE 23 CLASS ACTION FOR ILLINOIS MINIMUM WAGE VIOLATIONS
### (Tip Credit Notice Class)

89.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 77 as though set forth fully herein.

90.     Defendant violated the IMWL provision on minimum wages by attempting to take a tip credit against applicable state minimum wages without providing Plaintiff and putative class members with the required tip credit notice under Illinois law.

91.     Defendant failed to provide Plaintiff and putative class members with the appropriate tip notice within the past 3 years.

92.     Defendant therefore forfeit any tip credit under Illinois law and owe each Server *at least* the tip credit taken for each hour of work they performed within the past 3 years.

93.     Plaintiff and the class members are entitled to receive at least Illinois' minimum wage for certain hours worked.

94.     From January 1, 2020, through June 30, 2020, the Illinois Minimum Wage was $9.25 per hour.

95.     From July 1, 2020, through December 31, 2020, the Illinois Minimum Wage was $10.00 per hour.

96.     In 2021, the Illinois Minimum Wage was $11.00 per hour.

97.     In 2022, the Illinois Minimum Wage was $12.00 per hour.

98.     In 2023, the Illinois Minimum Wage is $13.00 per hour.

99.     Plaintiff and the proposed Tip Credit Notice Class members were subjected to similar violations of the IMWL.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois' mandated minimum wages:

> **All Servers who worked for Defendant at Lumes Pancake House in Chicago, Illinois, during the three (3) years preceding this lawsuit, who were not provided the required tip credit notice under Illinois law.**

RULE 23 CLASS ALLEGATIONS

100.     Plaintiff brings this IMWL claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Credit Notice Class").

101.     The putative Tip Credit Notice Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois minimum wage based upon the Defendant's failure to provide Plaintiff and similarly situated Servers the applicable tip credit notice required under Illinois law for an employer to take a tip credit.

102.     *Numerosity:* Defendant employed in excess of 40 Servers in the class during the past three (3) years who were not provided the appropriate tip credit notice when Defendant attempted to take a tip credit under Illinois law. Given Defendant's considerable size and the systematic nature of its failure to comply with Illinois law, the members of the Class are so numerous that joinder of all members is impractical.

103.     Plaintiff and the class members were subject to the same policies.

104.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class,

including Plaintiff. Such questions common to the Class include, but are not limited to the following:

(a)    Whether Plaintiff and the Tip Credit Notice Class were "employees" of Defendant;

(b)    Whether Plaintiff and the Tip Credit Notice Class' hours were properly recorded;

(c)    Whether Defendant violated the IMWL rights of Plaintiff and the Tip Credit Notice Class under the IMWL by failing to compensate these employees the applicable minimum wage;

(d)    Whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Credit Notice Class the Illinois minimum wages as required under state law;

(e)    Whether Defendant knew or should have known of the Illinois minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(f)    The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Credit Notice Class based upon Defendant's conduct.

105.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Credit Notice Class. Plaintiff's claims arise from the Defendant's company-wide policy of failing to provide sufficient notice of the tip credit under Illinois law.

106.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Credit Notice Class. Plaintiff has no interest that might conflict with the interests of the Tip Credit Notice Class. Plaintiff is interested in pursuing his claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation who have been appointed class counsel before in wage and hour restaurant cases.

107.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

108. Defendant has acted on grounds generally applicable to the Tip Credit Notice Class, thereby making relief appropriate with respect to the Tip Credit Notice Class as a whole. Prosecution of separate actions by individual members of the Tip Credit Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Credit Notice Class that would establish incompatible standards of conduct for Defendant.

109. Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Credit Notice Class.

110. Plaintiff and the Tip Credit Notice Class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's failure to provide sufficient notice to Plaintiff and the Tip Credit Notice Class members of its intent to rely upon a tip credit under state law.

111. Plaintiff and the Tip Credit Notice Class members were not paid proper Illinois minimum wage for the hours worked.

112. Defendant was aware of the requirements of the IMWL, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Credit Notice Class members in accordance with the law.

113.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Tip Credit Notice Class members exceeds 40 Servers.

114.    This action is intended to include each and every Server who worked at Defendant's restaurant in Chicago, Illinois, during the past three (3) years and was not provided sufficient tip credit notice when Defendant attempted to take a tip credit.

115.    During all material times hereto, Plaintiff and all Tip Credit Notice Class members were non-exempt employees of Defendant.

116.    Plaintiff and the Tip Credit Notice Class members performed work as Servers which was an integral part of the business for Defendant.

117.    Defendant violated the terms of the IMWL's provision on minimum wages by not providing Plaintiff and the putative Tip Credit Notice Class members, with proper notification that Defendant would be relying upon a tip credit against the applicable Illinois minimum wages.

118.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for each hour worked.

119.    Plaintiffs have complied with pre-suit notice (if required), and/or all other conditions precedent to this action have been performed or waived.

120.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

121.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the IMWL.

122.     Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

123.     The relief sought is common to the entire class including, inter alia:

(a)     Payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the IMWL;

(b)     Payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the IMWL as a result of Defendant's intentional and/or willful violations;

(c)     Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

124.     Plaintiff and the Tip Credit Notice Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendants in violation of the IMWL.

125.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SANDRA GARCIA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, SAAB RESTAURANTS, INC. d/b/a

LUMES PANCAKE HOUSE, and award Plaintiff, and the putative class: (a) unpaid Illinois minimum wages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) all reasonable attorney's fees and costs as permitted under Illinois law to be paid by Defendant, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT III – RULE 23 CLASS ACTION FOR ILLINOIS OVERTIME WAGE VIOLATIONS
### (Illinois Overtime Class)

126.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 77 as though set forth fully herein.

127.    Plaintiff and the proposed Illinois Overtime Class members were subjected to similar violations of the IMWL. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois' mandated overtime wages:

> **All Servers who worked for Defendant at Lumes Pancake House in Chicago, Illinois, who worked more than 40 hours in any workweek within the past 3 years.**

128.    Illinois law expressly incorporates the FLSA regulations, case law, and administrative interpretations, including Section 203 and the above amendments thereto.[2]

---

[2] "Tip credits are treated identically under both the Illinois Minimum Wage Act and the federal Fair Labor Standards Act, and so cases on the requirements for a tip credit under the FLSA are also relevant to the requirements of the Illinois Minimum Wage Act." *See, e.g., Williams-Green v. J. Alexander's Restaurants, Inc.*, 277 F.R.D. 374 (N.D. Ill. 2011) *citing Morgan v. SpeakEasy, LLC*, 625 F.Supp.2d 632, 650 (N.D. Ill. 2007); *see, also, Cho v. Maru Restaursant, Inc.*, 194 F.Supp.3d 700 (N.D. Ill. 2016) ("The IMWL parallels the FLSA, and the same analysis has generally been applied to both statutes") *quoting Labriola v. Clinton Entm't. Mgmt., LLC*, 2016 WL 1106862 at *5 (N.D. Ill. 2016) (collecting cases).

129.    During one or more workweeks within the past 3 years Defendant failed to pay Plaintiff and other similarly situated Servers the applicable overtime wages required under Illinois law when Plaintiff and other Servers worked more than 40 hours in a workweek.

130.    In 2020, the overtime premium for employees earning minimum wage in Illinois was $15.00 per hour.[3]

131.    In 2021, the overtime premium for employees earning minimum wage in Illinois was $16.50 per hour.[4]

132.    In 2022, the overtime premium for employees earning minimum wage in Illinois was $18.00 per hour.[5]

133.    In 2023, the overtime premium for employees earning minimum wage in Illinois is $19.50 per hour.[6]

RULE 23 CLASS ALLEGATIONS

134.    Plaintiff brings her IMWL claim arising from the Illinois Overtime violations as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

135.    In one or more workweeks within the past 3 years the Defendant failed to pay Plaintiff and similarly situated Servers at least 1.5 times the Illinois minimum wage for each overtime hour worked.

136.    The Illinois Overtime Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois overtime wages because they failed to

---

[3] The full Illinois minimum wage in 2020 was $10.00 per hour.

[4] The full Illinois minimum wage in 2021 was $11.00 per hour.

[5] The full Illinois minimum wage in 2022 was $12.00 per hour.

[6] The full Illinois minimum wage in 2023 is $13.00 per hour.

pay Servers at least 1.5 times the applicable Illinois minimum wage as required by law. Plaintiff and the Illinois Overtime Class members performed the same job duties as Servers and were paid in an identical manner by Defendant based on their failure to compensate Servers the applicable Illinois overtime wages.

137.    *Numerosity:* Defendant employed more than 40 Servers in the Illinois Overtime Class during the past three (3) years who were not paid Illinois overtime wages as a result of the Defendant failing to pay Plaintiff and the Illinois Overtime Class members at least 1.5 times the applicable Illinois minimum wage for overtime hours worked. Given Defendant's size and the systematic nature of its failure to comply with Illinois law, the members of the Illinois Overtime Class are so numerous that joinder of all members is impractical.

138.    Plaintiff and the Illinois Overtime class members were subject to the same policies.

139.    *Commonality:* Common questions of law and fact exist as to all members of the Illinois Overtime Class and predominate over any questions solely affecting any individual member of the Illinois Overtime Class, including Plaintiff. Such questions common to the Illinois Overtime Class include, but are not limited to the following:

(a)    Whether Plaintiff and the Illinois Overtime Class were "employees" of Defendant;

(b)    Whether Plaintiff and the Illinois Overtime Class's hours were properly recorded;

(c)    Whether Defendant paid Plaintiff and the Illinois Overtime Class the applicable overtime wages for all hours worked over 40 in a worweek;

(d)    Whether Defendant violated the Illinois overtime wage rights of Plaintiff and the Illinois Overtime Class under the Illinois Minimum Wage Law by failing to pay applicable overtime wages;

(e)     Whether Defendant willfully or intentionally refused to pay Plaintiff and the Illinois Overtime Class the Illinois overtime wages as required under Illinois law;

(f)     Whether Defendant knew or should have known of the Illinois overtime wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(g)     The nature, extent, and measure of damages suffered by the Plaintiff and the Class based upon Defendant's conduct.

140.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Illinois Overtime Class.  Plaintiff's claims arise from the Defendant's company-wide policy of failing to actually pay Servers applicable overtime wages when they worked over 40 hours in a workweek. Plaintiff and the class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's failure to compensate all Servers the overtime wages for all overtime hours worked during their employment.

141.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Illinois Overtime Class. Plaintiff has no interest that might conflict with the interests of the Illinois Overtime Class.  Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

142.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

143.    Defendant has acted on grounds generally applicable to the Illinois Overtime Class, thereby making relief appropriate with respect to the Illinois Overtime Class as a whole. Prosecution of separate actions by individual members of the Illinois Overtime Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Illinois Overtime Class that would establish incompatible standards of conduct for Defendant.

144.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Illinois Overtime Class.

145.    Defendant failed to keep accurate time and pay records for Plaintiff and all class members to designate how many overtime hours were actually worked and not paid at the applicable overtime rate.

146.    Defendant was aware of the requirements of the IMWL, and provisions of the FLSA that are incorporated into the IMWL, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Illinois Overtime Class members in accordance with the law.

147.    The precise size and identity of the Illinois Overtime Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of Illinois Overtime Class members exceeds 40 Servers.

148.   Plaintiff and the Illinois Overtime Class members are entitled to receive at least 1.5 times the applicable Illinois minimum wage, and/or recovery of any applicable tip credit taken by Defendant, for each overtime hour worked during the past 3 years.

149.   The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' overtime wages for each overtime hour worked.

150.   Plaintiff has complied with pre-suit notice requirements (if applicable), and/or all other conditions precedent to this action have been performed, or waived.

151.   Illinois Overtime Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois overtime wages as a result of Defendant's failure to pay the applicable overtime wage for each overtime hour worked.

152.   Defendant was aware of the requirements of the IMWL, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Illinois Overtime Class members in accordance with the law.

153.   A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

154.   A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the IMWL.

155. Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

156. The relief sought is common to the entire class including, inter alia:

(a) Payment by the Defendant of actual damages caused by their failure to pay Illinois overtime wages pursuant to the IMWL;

(b) Payment by the Defendant of liquidated damages caused by their willful and/or intentional failure to pay overtime wages pursuant to the IMWL;

(c) Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

157. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SANDRA GARCIA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, SAAB RESTAURANTS, INC. d/b/a LUMES PANCAKE HOUSE, and award Plaintiff, and the putative Class: (a) unliquidated minimum wage damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) all reasonable attorney's fees and costs as permitted under Illinois law to be paid by Defendant, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## JURY DEMAND

Plaintiff and Class/Collective Members hereby demand trial by jury on all counts above.

**Dated this 30th of November 2023.**

Respectfully submitted,

**USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33301
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923
*Jordan@jordanrichardspllc.com*
*Michael@usaemploymentlawyers.com*
*Sarah@usaemploymentlawyers.com*
*Trish@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on November 30, 2023.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923

## SERVICE LIST: